# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | **CIVIL NO. 1:CV-09-1700** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## **M E M O R A N D U M**

Plaintiff Michael Rinaldi ("Rinaldi"), a federal inmate currently incarcerated at the Federal Correctional Institution at Victorville in Adelanto, California, commenced this action on September 2, 2009, by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.* (Doc. 1.) In his complaint, Rinaldi alleges that on September 5, 2008, he was assaulted by his cellmate in the Special Housing Unit ("SHU") of the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania ("FCI-Schuylkill"), his former place of confinement, and that Bureau of Prisons' ("BOP") staff should have known that his cellmate posed a threat to his safety. Before the court is a motion to dismiss the complaint or, in the alternative, for summary judgment, filed on behalf of Defendant United States of America. (Doc. 41.) For the reasons set forth below, the motion to dismiss will be granted.

## I. Background

### A. Facts

As set forth above, Defendant has filed a motion to dismiss the complaint, or, in the alternative, for summary judgment. (Doc. 41.) In the motion, Defendant argues that Rinaldi's FTCA claim should be dismissed because it is barred by the discretionary function exception, and thus he has failed to state a claim upon which relief can be granted. In order to consider whether the complaint can be dismissed for failing to state a claim, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). Because the court agrees that, even viewing the facts in a light most favorable to Rinaldi, he has failed to plead facts sufficient to state a claim for damages under the FTCA, the court need only address Defendant's motion as one for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6).

Proceeding under this framework, Rinaldi provides the following factual background with respect to his claim. On September 5, 2008, while housed in FCI-Schuylkill's SHU, Rinaldi was assaulted by his cellmate. (Doc. 1 at 2.) As a result of the assault, he suffered a lost tooth and received stitches on his lip and chin. (*Id.*)

Rinaldi asserts that his cellmate was known to be violent and had a history of assaulting his cellmates in the SHU and other inmates in the general population. (*Id*.) Immediately prior to being placed in the cell with Rinaldi, he had assaulted his two previous cellmates. (*Id*.) According to Rinaldi, in addition to fighting his cellmate exhibited disruptive behavior. (*Id*.) He broke fire sprinklers, kicked doors, and had verbal altercations with SHU officers. (*Id*.) He also expressed signs of mental instability, such as hearing voices. (*Id*.) Rinaldi asserts that his cellmate expressed a desire to be housed by himself. (*Id*.)

Attached as an exhibit to the complaint is the BOP Northeast Regional Office's denial of Rinaldi's administrative tort claim relating to the September 5, 2008 assault. (*Id*. at 4.) In its response, the Regional Office explained the denial as follows:

> Investigation reveals that on September 4, 2008, you were given a new cellmate while housed in the Special Housing Unit. During recreation the next day, you were assaulted by this inmate. Prior to the assault, you did not advise staff of any concerns you had about this inmate. Furthermore, there was no indication this inmate posed a specific threat to you. There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons' employee.

(*Id*.)

### B.     **Procedural History**

After Rinaldi's administrative tort claim was denied by the Northeast Regional Office, Rinaldi timely filed his complaint on September 2, 2009. (Doc. 1.) Service of the complaint was directed by order dated September 30, 2009. (Doc. 9.)

On December 18, 2009, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 13.) A supporting brief and statement of facts followed on January 19, 2010. (Docs. 17, 18.) Rinaldi filed a responsive brief and counter statement of facts on February 22, 2010. (Doc. 23, 24.) Defendant's reply brief was filed on March 5, 2010. (Doc. 28.)

By memorandum and order dated July 1, 2010, the court denied Defendant's motion for summary judgment based on a genuine issue of material fact. (Doc. 39.) In a footnote, the court noted that the discretionary function exception may relieve Defendant of liability in this case, but declined to consider the exception because Defendant failed to raise it. (*Id*. at 12 n.2.) As a result, the order directed Defendant to answer the complaint. (*Id*. at 13.) Consequently, Defendant filed the instant motion to dismiss or, in the alternative, for summary judgment, contending that the discretionary function exception relieves Defendant of liability. (Doc. 41.) Responsive and reply briefing followed, and the motion is now ripe for disposition.

## II. Standard of Review - Motion to Dismiss

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 550 U.S. at 555; *accord*, *e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). *See also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009)

(recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). *See Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their

6

veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a

7

document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. Discussion

The United States' waiver of sovereign immunity under 28 U.S.C. § 1346(b)(1) of the FTCA "allows plaintiffs to bring claims based on the action of Government employees when private persons engaging in analogous behavior would be liable under state law." *CNA v. United States*, 535 F.3d 132, 138 (3d Cir. 2008). However, this waiver of sovereign immunity is subject to several requirements and limitations. *See id.* One of the limitations on the United States' waiver of sovereign immunity is the discretionary function exception.

Under the discretionary function exception, the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim based upon an act or omission of an employee of the Government . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). A two-part inquiry guides the application of the discretionary function exception:

> First, a court must determine whether the act involves an element of judgment or choice. The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. Second, even if the challenged conduct involves an element of judgment, the court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

9

*Mitchell v. United States*, 225 F.3d 361, 363-64 (3d Cir. 2000) (citations and internal punctuation omitted).

Courts within this circuit and others have uniformly held that federal prisoners' FTCA claims for injuries by fellow inmates are barred by the discretionary function exception. *See, e.g.*, *Donaldson v. United States*, 281 F. App'x 75, 76-78 (3d Cir. 2008); *Castillo v. United States*, 166 F. App'x 587, 589 (3d Cir. 2006); *Michtavi v. United States*, C.A. No. 4:07-CV-0628, 2009 WL 578535, at *9-10 (M.D. Pa. Mar. 4, 2009); *Baker v. United States*, C.A. No. 06-147, 2006 WL 3717382, at *6 (W.D. Pa. Dec. 14, 2006); *Macias v. United States*, C.A. No. 05-1445, 2006 WL 1843111, at *3-4 (D. N.J. June 30, 2006); *Redmond v. United States*, C.A. No. 4:04-CV-231, 2006 WL 709347, at *3-4 (M.D. Pa. Mar. 20, 2006); *Graham v. United States*, C.A. No. 97-1590, 2002 WL 188573, at *4 (E.D. Pa. Feb. 5, 2002). While prison officials have a statutory duty to provide for the "safekeeping" of inmates, 18 U.S.C. § 4042, this statute leaves the implementation of these duties to the discretion of prison officials, and "how best to protect one inmate from the threat of attack by another is of the kind that the discretionary function exception was designed to shield." *Donaldson*, 281 F. App'x at 77. Based on this well-settled case law, the court finds that Rinaldi's claim is barred by the discretionary function exception. Thus, the motion to

dismiss will be granted based on Rinaldi's failure to state a claim.  Further, because the essential allegations of the complaint fail to state a claim upon which relief can be granted, further amendment would be futile, and therefore, dismissal of the complaint will be with prejudice.

An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated:  November 9, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | **CIVIL NO. 1:CV-09-1700** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## **O R D E R**

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) The motion to dismiss (Doc. 41) is **GRANTED**.

2) The complaint (Doc. 1) is **DISMISSED** with prejudice.

3) The Clerk of Court is directed to **CLOSE** this case.

          s/Sylvia H. Rambo
          United States District Judge

Dated: November 9, 2010.