IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | **CIVIL NO. 1:09-CV-1700** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff Michael Rinaldi's motion for reconsideration of the court's memorandum and order of November 9, 2010 (Doc. 48), granting Defendant's motion to dismiss. (Doc. 50.) For the reasons that follow, the instant motion (Doc. 49) will be denied.

## **I.   Background**

Plaintiff, an inmate incarcerated at the Federal Correctional Institution at Victorville in Adelanto, California, commenced this action on September 2, 2009, by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 & 2671 *et seq*. (Doc. 1.) In his complaint, Plaintiff alleged that on September 5, 2008, he was assaulted by his cellmate in the Special Housing Unit ("SHU") of his former place of incarceration — the Federal Correctional Institution at Schuylkill

("FCI-Schuylkill") in Minersville, Pennsylvania.  As a result of the assault, Plaintiff claimed he suffered a lost tooth and received seven stitches to his lip and chin. Plaintiff alleged that Bureau of Prisons ("BOP") staff knew that his cellmate was violent, had a history of assaulting his cellmates in the SHU, was mentally unstable, and was placed in the SHU after being involved in a physical altercation, and therefore, staff should have known that the cellmate posed a threat to his safety.

By memorandum and order dated November 9, 2010, the court granted Defendant's motion to dismiss.  (Doc. 48.)  Specifically, the court found that Plaintiff's claim was barred by the discretionary function exception.  Thus, the motion to dismiss was be granted based on Plaintiff's failure to state a claim.

Consequently, Plaintiff filed the instant motion to alter or amend, seeking reconsideration of the court's November 9, 2010 memorandum and order.  (Doc. 49.) In his motion, Plaintiff restates his facts and arguments presented in his opposition to Defendant's motion to dismiss, specifically with respect to the discretionary function exception.  After careful review, the court will deny the motion.

## II.     Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to

the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Plaintiff's restated arguments do not constitute new evidence that was unavailable when the court entered judgment. While Plaintiff may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

    s/Sylvia H. Rambo
    United States District Judge

Dated: May 26, 2011.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | **CIVIL NO. 1:09-CV-1700** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 49) is **DENIED**.

                                                      s/Sylvia H. Rambo
                                                   United States District Judge

Dated: May 26, 2011.